HARDY, Judge
(dissenting).
On the basis of the record I find it necessary to express my emphatic and unalterable disagreement with the conclusion reached by the majority of this court.
The opinion which is endorsed by my highly esteemed brethren is remarkable, not so much for what it says but rather for what it fails to mention. I point out some of the omissions which I regard as material to a determination of this case, as follows:
(1) Mrs. Ward testified that she saw the water across the highway, brought her car to a very slow rate of speed, observed the approach of the Salter car at such a speed that she thought if it did not slow down it would hit the water, which would splash in her face and maybe blind her.
(2) Leonard Hope testified that he saw the water across the road and slowed down to a speed of four or five miles per hour, and that the truck was moving in second gear, in which it could not exceed a very slow rate of speed.
(3) Both Mrs. Ward and Hope testified that the truck was following the Ward car at a safe distance, and, in view of the respective speeds of these two vehicles, it is completely evident not only that the interval between them was safe under the circumstances, but that this factor had no possible bearing upon the occurrence of the accident.
(4) Salter did not see the water, running across the highway, though it was some five inches in depth in his lane of travel on the inside of a slight curve. Salter excused himself on the ground that he had been running through puddles of water at the same speed (about forty-five miles per hour) and, mirabile dictu, this excuse is apparently accepted by the majority opinion as freeing Salter from negligence.
(5) The investigating trooper testified that in his opinion a safe speed at the locale of the accident, under existing conditions, would have been not more than fifteen miles per hour.
The above testimony which stands un-contradicted in the record apparently was not deemed worthy of consideration.
*358 It is mere superfluity to mention the fact that the conclusion of the majority has the effect of finding the contrary judgment of the lower court manifestly erroneous.
Mrs. Ward saw the water and took necessary precautionary measures to avoid endangering her own safety and that of other motorists on the highway. Leonard Hope saw the water and took similar precautions. Salter did not see the water, took no precautions, and, nevertheless, is permitted by this judgment to recover in damages.
In Redden v. Blythe, 12 So.2d 728, 731, the opinion of Mr. Justice McCaleb, then a member of the Orleans Court of Appeal, made the following statement:
“In testifying with respect to the situation confronting him just prior to the accident, Blythe said that, when he first noticed the truck and the automobile approaching him, he was 500 or 600 feet away and that, while he unconsciously slowed down, he was not in a position to apply his brakes at the time he foresaw the possibility of an accident because the roadway was too wet. It seems to us that it was imprudent for him, while travelling on a wet road, not to have slowed down immediately to such a speed that he could have applied his brakes with safety. It will not do for him to say that he elected to wait until an emergency was created and that he could not apply all effective means at his command because it was too late. Caution demanded otherwise. His failure to act when he had time to act must be regarded as negligence which had causal connection with the ensuing accident.” (Emphasis supplied.)
I am firmly convinced that the conclusion reached in this case does violence to the rules of logic, reason, physical science, evidence and our jurisprudence.